UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ROYALL,<br><br>                                Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>                                Defendant. | Case No.: 3:25-cv-1994-RSH-DEB<br><br>**ORDER (1) GRANTING MOTION TO DISMISS, (2) DENYING MOTION TO CONSOLIDATE, (3) DENYING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT, AND (4) GRANTING LEAVE TO FILE ELECTRONICALLY**<br><br>[ECF Nos. 3, 8, 10, 12] |

Pending before the Court are the following motions: (1) a motion to dismiss filed by defendant The Sherwin-Williams Co. ("Sherwin-Williams" or "Defendant"), ECF No. 3; Defendant's motion to consolidate, ECF No. 8; Defendant's motion to declare plaintiff Gabriell Royall ("Royall" or "Plaintiff") a vexatious litigant, ECF No. 10; and Plaintiff's motion for leave to e-file, ECF No. 12. The Court addresses these motions below.

I.     **BACKGROUND**

On July 9, 2025, Plaintiff filed this lawsuit pro se in California Superior Court for the County of San Diego. ECF No. 3-3. The Complaint alleges as follows.

|   |   |
|---|---|
| 1 | Plaintiff is a long-time customer of Defendant. ECF No. 1-3 at 4–18 ("Compl.") |
| 2 | ¶ 1. "In or around the pandemic period (2020-2022)," Plaintiff was invited to a lunch |
| 3 | meeting by a representative of Defendant. *Id.* ¶ 2. During this meeting, the representative |
| 4 | informed Plaintiff that he owed Defendant "a small outstanding balance." *Id.* During the |
| 5 | conversation, "the representative recounted a disturbing story involving carbon monoxide |
| 6 | poisoning on a boat—a story wherein a man nearly died due to financial troubles and |
| 7 | unpaid debt." *Id.* ¶ 3. "The story's timing, tone, and content invoked fear and confusion |
| 8 | rather than resolution or support, leaving a lasting emotional impact on Plaintiff." *Id.* ¶ 4. |
| 9 | The story caused Plaintiff to suffer "prolonged emotional distress, including paranoia, |
| 10 | anxiety, and physical symptoms requiring medical attention." *Id.* ¶ 5. Plaintiff continues |
| 11 | to feel "emotional fallout" from being told the story on that occasion. *Id.* ¶ 7. |
| 12 | Plaintiff brings claims for (1) intentional infliction of emotional distress, and (2) |
| 13 | negligent infliction of emotional distress. *Id.* at 11–12. He seeks damages in the amount of |
| 14 | $299,000. *Id.* at 13. |
| 15 | On August 4, 2025, Defendant removed the action to this Court based on diversity |
| 16 | of citizenship. ECF No. 1. |
| 17 | On August 11, 2025, Defendant filed a motion to dismiss. ECF No. 3. Plaintiff has |
| 18 | not filed an opposition to the motion. |
| 19 | On August 19, 2025, the case was transferred to the undersigned. |
| 20 | On September 3, 2025, Defendant filed a motion to consolidate this case with the |
| 21 | later-filed action of *Royall v. The Sherwin-Willaims Co.*, Case No. 3:25-cv-2232. ECF No. |
| 22 | 8. Plaintiff opposes. ECF No. 13. |
| 23 | On September 9, 2025, Defendant filed a motion to declare Plaintiff a vexatious |
| 24 | litigant. ECF No. 10. Plaintiff opposes. ECF No. 15. |
| 25 | On September 12, 2025, Plaintiff filed a motion for leave to e-file documents. ECF |
| 26 | No. 12. |
| 27 | // |
| 28 | // |

## II. MOTION TO DISMISS

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the particular claims being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint by a plaintiff proceeding pro se is "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Pro se pleadings are construed liberally. *Id.* Nonetheless, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

### B. Statute of Limitations

The Complaint brings claims for intentional and negligent infliction of emotional distress. Under California law, both claims are subject to a two-year statute of limitations. *See* Cal. Civ. Proc. Code. § 335.1 (two-year statute of limitations applies to suits for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another"). The statute of limitations begins to run "when the plaintiff suffers severe emotional distress as a result of outrageous conduct by the defendant." *Soliman v. CVS RX Servs., Inc.*, 570 F. App'x 710, 711 (9th Cir. 2014); *see also Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 24 Cal. App. 5th 825, 853 (Ct. App. 2018) ("A cause of action for intentional infliction of emotional distress accrues, and the statute of limitations begins to run, once the plaintiff suffers severe emotional distress as a result of outrageous conduct on the part of the defendant.").

Defendant argues that Plaintiff's claim accrued at the time of the distressing conversation, which Plaintiff alleged occurred "[i]n or around the pandemic period (2020-2022)," Compl. ¶ 2. "The story's timing … invoked fear and confusion … leaving a lasting emotional impact on Plaintiff." *Id.* ¶ 4. Thus, the two-year statute of limitations lapsed before Plaintiff filed his lawsuit on July 9, 2025. Plaintiff has not disputed the foregoing. Accordingly, the Court concludes that the Plaintiff's claims are time-barred and subject to dismissal.[1]

### C. Leave to Amend

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Plaintiff has not requested leave to amend, and it is clear to the Court that the deficiencies identified above could not be cured by amendment. The dismissal is therefore without leave to amend.

---

[1] In light of this disposition, the Court declines to reach Defendant's remaining arguments for dismissal.

## III. REMAINING MOTIONS

In light of the dismissal of this case without leave to amend, the Court denies Defendant's motion to consolidate. ECF No. 8.

Defendant also moves for an order declaring Plaintiff to be a vexatious litigant and requiring Plaintiff to obtain leave of this Court before filing any future claim for relief in any court, based on Plaintiff's record of abusive filings. ECF No. 10 at 11. Defendant cites eighteen lawsuits filed by Plaintiff. *Id.* at 2–6. Although Defendant describes these lawsuits as unmeritorious, it does not appear from Defendant's motion papers that any of the lawsuits have already been resolved against Plaintiff. Additionally, Defendant did not file any of the lawsuits in the U.S. District Court; instead, he filed seventeen of the lawsuits in California Superior Court and one in Massachusetts Superior Court. On the record presented, the Court declines to declare Plaintiff a vexatious litigant or issue an injunction limiting Plaintiff's ability to file lawsuits in all state and federal courts.

Finally, Plaintiff has filed a motion seeking to file documents electronically and has certified his compliance to this District's rules governing electronic filing. ECF No. 12. Plaintiff's request complies with the requirements of this District's CM/ECF Administrative Policies and Procedures Manual, and the Court grants this motion.

## IV. CONCLUSION

For the foregoing reasons:

1. Defendant's motion to dismiss [ECF No. 3] is **GRANTED**. The Complaint is **DISMISSED** without leave to amend.

2. Defendant's motion to consolidate [ECF No. 8] is **DENIED** as moot.

3. Defendant's motion to declare Plaintiff to be a vexatious litigant [ECF No. 10] is **DENIED**.

//
//
//

4. Plaintiff's motion to file e-file documents [ECF No. 12] is **GRANTED** as to this case only. The Clerk shall update Plaintiff's email address for purposes of service as: gaberoyall@gmail.com.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  October 3, 2025

_____
Hon. Robert S. Huie
United States District Judge